NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVENIE MONTILUS, : | |
| : | Civil Action No. 09-4143 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| ANIBAL A. MUNOZ, et al., : | |
| : | |
| Defendants. : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to remand filed by Plaintiff Yvenie Montilus (docket entry 5). Defendants Anibal A. Munoz ("Munoz") and Schneider National Carriers, Inc. ("Schneider") (collectively, "Defendants") have opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Plaintiff's motion to remand this action.

**I.    BACKGROUND**

This action arises out of a motor vehicle accident that occurred on November 7, 2008. According to the Complaint, the vehicle driven by Plaintiff was stopped at an intersection when it was struck by the vehicle driven by Defendant Munoz and owned by Defendant Schneider.

The Complaint alleges that as a result of Defendants' negligence, the collision caused Plaintiff to sustain "severe and grievous personal injuries." (Compl., ¶ 4.) It further alleges that she "has endured and will in the future endure, great pain and suffering." (Id.) Plaintiff also seeks recovery for the damage to her vehicle.

Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Essex County. Defendants removed the action to this Court on August 13, 2009.

## II.   DISCUSSION

Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(a), grounding the basis for removal in federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). The Notice of Removal filed by Defendant asserts that the action satisfies both the diversity of citizenship and amount in controversy requirements of Section 1332(a)(1). Plaintiff challenges the existence of diversity jurisdiction on the grounds that the amount in controversy does not exceed $75,000, as required by the diversity jurisdiction statute. (Plaintiff concedes that diversity of citizenship exists between the parties, and the Court is satisfied that this jurisdictional requirement is adequately pled.)

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d).  The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

The Court finds that Defendant has met its burden of demonstrating that diversity jurisdiction exists.  Where, as in this case, the dispute over subject matter jurisdiction concerns the amount in controversy, the Third Circuit applies the "legal certainty" test established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938).  See Federico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007) (citing Samuel-Bassett, 357 F.3d at 398).  Under the Red Cab test, the case must be dismissed or remanded "only if 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" Id. (quoting Red Cab, 303 U.S. at 289.)

The pleadings in this action do not make it apparent that Plaintiff *cannot* recover more than $75,000 for his alleged harm.  This action arises out of a motor vehicle accident in which Plaintiff claims he suffered "severe and grievous personal injuries" and as a result has endured and will continue to endure "great pain and suffering."  The Notice of Removal highlights these averments.  The Court finds that the value of Plaintiff's claims, as pled in the Complaint, could exceed $75,000.

Plaintiff's position that this case does not satisfy the diversity jurisdiction statute's amount in controversy requirement is based upon two flawed premises. First, Plaintiff frames his argument according to an incorrect statement of the legal standard. Plaintiff maintains in its brief that Defendants, as the proponents of federal jurisdiction, must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Third Circuit law does not impose this burden on a party seeking to maintain an action in federal court. While Defendants indeed bear the burden of demonstrating that there is subject matter jurisdiction, doing so does not require them to make an affirmative showing that Plaintiff is more likely than not entitled to more than $75,000 in damages. There is a significant difference between a standard requiring a removing defendant to prove the value of plaintiff's claim and a standard requiring the defendant to demonstrate that recovering over $75,000 is not foreclosed by the allegations of the complaint. The difference is highlighted by the Third Circuit in Federico:

> Under Red Cab, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000-a substantially different standard. This reading of the legal certainty test is supported by Meritcare, Bloom, Packard, and Nelson. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.

Federico, 507 F.3d at 195 (quoting Valley v. State Farm Fire and Cas. Ins. Co., 504 F.Supp.2d 1, 3-4 (E.D.Pa.2006)) (emphasis in quotation). While Federico noted that in some cases, a defendant seeking removal would indeed have to meet the more onerous burden of proving that the plaintiff *can* recover the jurisdictional amount, that standard applies only where the complaint specifically avers that the amount in controversy is less than the jurisdictional minimum. Id. at

196-97.  Otherwise, the Red Cab and Samuel-Bassett standard applied by the Court here governs. Id. at 197.  Second, Plaintiff maintains that his settlement demand of $50,000, made to Defendants after the case was removed, belies Defendants' position that the amount in controversy exceeds $75,000.  This argument is unavailing.  Under the time-of-filing rule, "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed" and once vested, cannot be ousted by subsequent events.  Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009) (citing Mullan v. Torrance, 22 U.S. 537, 539 (1824)).  In this case, the Court looks to the circumstances as of the time the Notice of Removal was filed, which circumstances consisted of a Complaint pleading for relief for "severe and grievous personal injuries" and "great pain and suffering."  Indeed, if anything the settlement demand bolsters Defendants' position that the requisite amount in controversy exists in this action.  Plaintiff's settlement demand reflects her valuation of the damages she sustained and other amounts to which she believes she is entitled tempered by her assessment of the costs and risks of pursuing relief through litigation.

**IV.   CONCLUSION**

For the foregoing reasons, this Court is satisfied that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and accordingly will deny Plaintiff's motion to remand. An appropriate form of order will be filed together with this Opinion.

    s/Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

DATED: October 6, 2009